UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JAMES THOMAS and DAVID HIXSON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-00005 |
| | ) | Judge Aleta A. Trauger |
| **BILL HASLAM, Governor of Tennessee,** | ) | |
| in his official capacity; **DAVID W.** | ) | |
| **PURKEY, Commissioner for the** | ) | |
| **Department of Safety and Homeland** | ) | |
| **Security, in his official capacity; and** | ) | |
| **HERBERY SLATERY, III, Attorney** | ) | |
| **General and Reporter, in his official** | ) | |
| **capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

For the reasons explained in the accompanying Memorandum, Commissioner David W. Purkey's Motion to Dismiss (Docket No. 23) is hereby **DENIED**. The Renewed Motion for Class Certification filed by James Thomas and David Hixson (Docket No. 36) is **GRANTED**. Counsel for the plaintiffs are **ORDERED** to designate in writing which individual or individuals seek appointment as class counsel, in accordance with Federal Rule of Civil Procedure 23(g), by close of business on April 6, 2018.

The parties' respective Motions for Summary Judgment (Docket Nos. 37 & 61) are **HELD IN ABEYANCE** pending the completion of the supplemental stipulations and briefing ordered below. The parties are **ORDERED** to file supplemental stipulations and briefing as follows:

1. The parties shall engage in a good faith effort to reach agreed-upon supplemental stipulations regarding the necessity of commuting for Tennessee workers and the

extent and availability of public transportation in Tennessee. Insofar as either party posits a specific statistical stipulation and the opposing party objects to the statistic on grounds that would undermine the precise number offered but not the fact that the number generally or approximately captures the magnitude of the phenomenon or condition described, the parties shall stipulate that the cited statistic is an agreed-upon reasonably accurate approximation—e.g., "____% represents a reasonably accurate approximation of the percentage of workers in ____ who drive to work."

Within fourteen days from the entry of this order, the parties shall jointly file the requested supplemental stipulations or a status report explaining why stipulations have not been agreed upon. If the parties are able to reach agreed-upon stipulations, the joint filing should indicate whether, by agreement of the parties, the joint stipulations render unnecessary the additional supplemental briefing below.

2. Unless the parties indicate that supplemental briefing is unnecessary, the parties shall file the following requested supplemental briefs within thirty days of the entry of this order, with responses due fourteen days following the filing of each supplemental brief and replies permitted within seven days of each response:

   a. The plaintiffs shall file a supplemental brief, accompanied, as necessary, by supplemental affidavits and supplemental statements of undisputed

2

fact, regarding the evidence that they anticipate presenting at trial on the necessity of driving in Tennessee, as well as the admissible forms in which they anticipate offering that evidence. (*See* Memorandum at 55–56.)

Purkey is **ORDERED**, in his response to any supplemental statement of undisputed fact, to specifically admit or deny each fact, with a complete and adequate explanation of any denial. For any statement of statistical fact, Purkey shall indicate both (1) whether he disputes the specific statistic proffered and (2) whether he disputes that the statistic represents a reasonable approximation of the phenomenon or condition described.

If Purkey responds to any fact solely by raising evidentiary objections or objecting to the form of the plaintiffs' statement, the court will construe Purkey's response as relying solely on the stated objection to defeat the court's reliance on the fact asserted and will take the veracity of the fact as conceded pursuant to Local R. 56.01(g).

b. Commissioner Purkey shall file a supplemental brief on the issue of whether the plaintiffs' tabulations of census data can be admitted or considered by the court as either summaries under Fed. R. Evid. 1006 or pedagogical devices under Fed. R. Evid. 611(a). Purkey's briefing shall take into account the fact that the court has already ruled the underlying

3

census data admissible. (*See* Memorandum at 56–57.) Purkey shall raise any factual objections he has to the specific mathematical tabulations of the plaintiffs, with a clear and detailed explanation of such objections. Any failure to address the substance of the plaintiffs' summaries will be construed as a concession of their accuracy pursuant to Local R. 56.01(g).

The plaintiffs are **ORDERED** to cooperate in good faith with Purkey's efforts to understand and replicate the plaintiffs' tabulations.

3. As part of his supplemental brief or in a notice filed concurrently with the parties' informing the court that supplemental briefing is not necessary, Purkey shall explain the nature of any distinction, on which he seeks to rely, between the "effective" date of a revocation and the change of a driver's "status," as a general matter and with regard to TDSHS's obligations under Tenn. Code Ann. § 55-50-504(h).

It is so **ORDERED**.

ENTER this 26th day of March 2018.

ALETA A. TRAUGER
United States District Judge

4