IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

------------------------------------------------------X
JAMES THOMAS and DAVID HIXSON, on behalf of themselves and all others similarly situated,

                      Plaintiffs,

      v.

DAVID W. PURKEY, Commissioner of the Tennessee Department of Safety and Homeland Security,

                      Defendant.
------------------------------------------------------X

No. 3:17-cv-00005
Judge Trauger

**SUPPLEMENTAL BRIEF OF PLAINTIFFS AND THE CLASS IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to this Court's Order of March 26, 2018 (the "Order"; ECF #94) and the parties' Joint Submission in response thereto (the "Joint Submission"; ECF #97), Plaintiffs and the Class hereby submit this Supplemental Brief to address the two remaining factual and legal issues on the parties' cross-motions for summary judgment, as identified in the Order—the evidentiary and factual issues about the need to drive in Tennessee and issue of "effective date" vs. "change in status" addressed in paragraph 3 of the Order and in Defendant's "Supplemental Statement Regarding Tenn. Code Ann. §§ 40-24-105(b), 55-50-504(h)" (ECF #98).

Submitted in connection with this Supplemental Brief is the Declaration of Adie Tomer. Mr. Tomer is a fellow at the Brookings Institution and is one of authors of the Brookings Report cited in Plaintiffs' Motion (ECF #39-3).

1. *Evidentiary/Factual Issues About the Need To Drive in Tennessee*

In the Order, the Court identified two evidentiary (and, thus, potential factual) issues concerning the need to drive in Tennessee. These were:

- the "drive to work" percentages set forth in paragraphs 97-105 of Plaintiffs' Rule 56.01 Statement (ECF #39), which were derived from Census data as set forth in paragraphs 8 to 10 of the Krugman Declaration (ECF #43), and

- the figures for accessibility of jobs via public transit in certain metropolitan areas of Tennessee, as set forth in paragraphs 92, 94, and 95 (paragraph 93 was already agreed to) of the Rule 56.01 Statement, which were derived from tables in the Brookings Report.

In the course of the consultation process directed by the Court, Plaintiffs sought agreement to these paragraphs, as well as to (a) a variation of paragraph 94, which unpacked one of the definitions in the cited portion of the Brookings Report into a separate factual statement, and (b) paragraph 106, which the Court described as "common sense" in its Memorandum Decision (ECF #93 at 72).

As set forth in the Joint Submission, paragraphs 97-105 of Plaintiffs' Rule 56.01 Statement are now admitted for summary judgment purposes, without qualification and without evidentiary objection, and paragraph 106 is admitted with an evidentiary objection that is largely mooted by the admission.[1] Accordingly, only the following issues remain:

> ***Paragraph 94(a) (modified)***. 90 minutes is a reasonable maximum for an individual's one-way commuting time to or from work. (Support is Brookings pp. 12-13).
>
> ***Paragraph 94(b) (modified)***. Even in cities with some public transportation, for many individuals, the public transportation offered is often insufficient[2] as a practical matter to enable them to travel to and from work in a reasonable amount of time.
>
> ***Paragraph 95***. In Memphis, Nashville, and Knoxville, 72% to 75% of jobs are not reasonably accessible by public transportation. (Exhibit 3, App. 2, at p. 36).

---

[1] That some of the sources cited for paragraph 106 are asserted to be hearsay (which, as set forth in their Reply Brief in support of their motion (ECF #82 at 9 n.8), Plaintiffs dispute) does not matter in light of the admission (for summary judgment purposes only) of the fact asserted.

[2] The word "insufficient" was rendered "inconvenient" in Plaintiffs' Rule 56.01 Statement, a typographical error that Plaintiffs did not notice until Defendant asserted in connection with the Joint Submission that "inconvenient" is without constitutional significance.

> ***Paragraph 96.*** In Nashville, Knoxville, and Chattanooga, more than two thirds of working-age residents lack access to public transportation. (Exhibit 3 at p. 8 (lines 93, 98, 100))

Each of these assertions was directly supported by the Brookings Report. Defendant has pressed his hearsay objection to the Report, but that objection has now been obviated by Mr. Tomer's Declaration.

Adie Tomer is a fellow of the Brookings Institution and leads its Metropolitan Policy Initiative (Tomer Dec. ¶ 1). He is one of the authors of the Report (*id*. ¶ 3), he co-managed the research and the project that led to the Report and, in particular, he oversaw the creation of the database that is the source of the assertions in paragraphs 94-96 (*id*. ¶ 4). As he points out (*id*. ¶ 5), the Report is widely recognized as a leading resource in transportation and infrastructure planning, and its conclusions concerning the percentage of working-age Americans with access to mass transit—the precise issue on which Plaintiffs and the Class rely on Mr. Tomer's research—have been cited in the two most recent reports of the federal agencies responsible for the Nation's highways, bridges, and transit systems.

Mr. Tomer has personal knowledge of the facts Plaintiffs and the Class seek to establish, and he is plainly competent under Fed. R. Evid. 702 to testify to those facts. In light of that personal knowledge, as set forth in his Declaration, the hearsay objection to the Brookings Report is now beside the point.[3]

In its Memorandum Decision, the Court pointed out that Plaintiffs could defeat Defendant's motion for summary judgment without actually submitting admissible proof of the need-to-drive facts, so long as they made a sufficient showing that such proof would be available at trial

---

[3] Defendant has also made a hearsay-within-hearsay objection to the use of two Nielsen databases in the Brookings research. As Mr. Tomer states, however, those databases are standard tools for researchers in his field (Tomer Dec. ¶ 9; *see also id*. ¶ 8). Accordingly, under Fed. R. Evid. 703, the use of the Nielsen databases was permissible, and Mr. Tomer's Declaration is admissible.

(ECF #93 at 53-55 (citing Fed. R. Civ. P. 56(c))). Plaintiffs and the Class, however, have gone further: they have not merely outlined what the proof *will* be, they have, in the Tomer Declaration, submitted the requisite proof itself. Accordingly, assuming the Court finds the facts set forth in paragraphs 92-106 of the Rule 56.01 Statement (including the modified version of paragraph 94) persuasive on the need to drive in Tennessee, Plaintiffs and the Class are entitled not merely to defeat Defendant's motion for summary judgment but to entry of summary judgment in their favor.

2. ***Response to Defendant's "Supplemental Statement Regarding Tenn. Code Ann. §§ 40-24-105(b), 55-50-504(h)" (ECF #98)***

If Defendant's "Supplemental Statement Regarding Tenn. Code Ann. §§ 40-24-105(b), 55-50-504(h)" ("Supp. Stmt.", ECF #98) had merely responded to the question the Court posed regarding the difference between the "effective date" of driver's license revocations and the date on which the Department "changes the status" of the driver, Plaintiffs would have had no need to respond. Defendant concedes that the notices he sends out do not constitute "prior notice" of revocation (Supp. Stmt. at 3), and as set forth in Plaintiffs' Reply Brief (ECF #82 at 20-24), predeprivation notice is required in the circumstances here.

In two footnotes, however (Supp. Stmt. at 2 n.1; 4 n.3), Defendant goes beyond simply answering the Court's question and references an argument concerning the Uniform Administrative Procedure Act that he had previously made only in his Reply Brief on his own motion. This argument is not properly before the Court in opposition to Plaintiffs' motion, and it is in any event a red herring.

First, Tenn. Code Ann. § 4-3-2005(a) does not provide an absolute right to a "contested case hearing" under all circumstances, but merely states that the Commissioner may offer such

hearings in his discretion.[4] The Commissioner has proffered no *facts* to suggest that UAPA hearings actually take place with respect to revocations under Tenn. Code Ann. § 40-24-105(b). There is no Cortazar Declaration on the issue, there is nothing in the Commissioner's own Rule 56.01 Statement, and there is nothing in his response to Plaintiffs' Statement. These are motions for *summary judgment*; it was up to the Commissioner to submit such proof if he had it, and he has not done so.

Second, the notices that the Commissioner has placed in the record (ECF ##62-5, 62-6, 62-7) do not so much as mention the possibility of a hearing under the UAPA. Drivers whose licenses have been revoked are told *only* that (a) they should submit a receipt to the Department if they have paid their Court Debt and (b) if they believe the information received by the Department is in error, they should "contact this office immediately for a review of the records." Termination notices that do not advise recipients of their appeal rights violate due process. *Hamby v. Neel*, 368 F.3d 549, 560-61 (6th Cir. 2004). So do termination notices that affirmatively mislead the recipients about the scope of any potential hearing or appeal. *Id.* As the Supreme Court held in *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 17 (1978):

> The purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending hearing. Notice in a case of this kind does not comport with constitutional requirements when it does not advise the customer of the availability of a procedure for protesting a proposed termination . . . as unjustified.

---

4   Section 2005(a) provides (emphasis added):

> The commissioner of safety, *in the commissioner's discretion*, is hereby authorized to appoint or designate hearing officers to conduct contested case hearings under the Uniform Administrative Procedures Act, compiled in chapter 5 of this title.

The mandatory delegation language in Section 2005(b), which the Commissioner cited in briefing this issue in *Robinson*, is plausibly read to require delegation only *if* the Commissioner exercises his discretion to hold hearings in the first place.

Finally, any hearings the Commissioner might hypothetically conduct would not be those required by the Constitution. The Commissioner distinguishes between "ability-to-pay" hearings, which he acknowledges that he does not conduct (ECF #88 at 21), and the hearings he says are available under the UAPA (*id*.). He has also expressly disclaimed any right of licensees to have a hearing before the Department on the issue of indigency (ECF #63-1 at 35). Whatever the supposed UAPA hearings may (or may not) be, therefore, they are not relevant to any issue in this case.

For all these reasons, the Commissioner's reliance on the supposed availability of hearings under the UAPA is misplaced.

## Conclusion

Plaintiffs' motion for summary judgment should be granted and Defendant's motion should be denied.

Respectfully submitted,

| | |
|---|---|
| s/ Matthew G. White | s/ Claudia Wilner |
| Jonathan Cole (TN #16632) | Claudia Wilner (NY #4264156)* |
| Matthew G. White (TN #30857) | Edward P. Krugman (NY #1665892)* |
| BAKER, DONELSON, BEARMAN, | Theresa Lau (NY #5496526)* |
| CALDWELL & BERKOWITZ, PC | NATIONAL CENTER FOR LAW AND |
| First Tennessee Bank Building | ECONOMIC JUSTICE |
| 165 Madison Avenue, Suite 2000 | 275 Seventh Avenue, Suite 1506 |
| Memphis, Tennessee 38103 | New York, NY 10001 |
| 901-577-8182 | 212-633-6967 |
| jcole@bakerdonelson.com | wilner@nclej.org |
| mwhite@bakerdonelson.com | krugman@nclej.org |
| | lau@nclej.org |
| | |
| s/ Premal Dharia | s/ Josh Spickler |
| Premal Dharia (DC #484091)* | Josh Spickler TN (TN #21019)* |
| Jonas Wang (DC #1531749)* | JUST CITY |
| CIVIL RIGHTS CORPS | 917 South Cooper Street |
| 910 17th Street NW, Suite 200 | Memphis, TN 38104 |
| Washington, DC 20006 | 901-206-2226 |
| 202-670-4809 | josh@justcity.org |
| premal@civilrightscorps.org | |
| jonas@civilrightscorps.org | |

April 25, 2018

\*   *Pro Hac Vice*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 25th day of April, 2018, I served the foregoing Supplemental Brief of Plaintiffs and the Class in Further Support of Their Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment on Andrew Campbell, Esq., the Attorney for the Defendant, by filing the same with the Court using the CM/ECF system, which sends notice to counsel of record who are registered with the CM/ECF system.

                                                            /s/ Matthew G. White

-8-
Case 3:17-cv-00005   Document 107   Filed 04/25/18   Page 8 of 8 PageID #: 1082