# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: September 12, 2019

Mr. Andrew Bolter Campbell
Mr. Alexander Stuart Rieger
Office of the Attorney General of Tennessee
500 Charlotte Avenue
Nashville, TN 37243

Mr. Premal Dharia
Mr. Jonas Wang
Ms. Tara Mikkilineni
Civil Rights Corps
910 17th Street, N.W., Suite 200
Washington, DC 20006

Mr. Edward P. Krugman
Ms. Claudia Eleaza Wilner
National Center for Law and Economic Justice
275 Seventh Avenue, Suite 1501
New York, NY 10001-6860

Mr. William R. Maurer
Institute for Justice
600 University Street, Suite 1730
Seattle, WA 98101

Mr. Joshua Spickler
Just City, 917 S. Cooper Street
Memphis, TN 38104

Mr. Matthew George White
Baker, Donelson, Bearman, Caldwell & Berkowitz
165 Madison Avenue, Suite 2000
Memphis, TN 38103

Re: Case No. 18-5766, *James Thomas, et al v. Bill Lee, et al*
Originating Case No. : 3:17-cv-00005

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. Kirk L. Davies

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0477n.06

Case No. 18-5766

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Sep 12, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JAMES THOMAS and DAVID HIXSON, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs-Appellees, | ) ) |
| v. | ) ) |
| BILL LEE, Governor of Tennessee, in his official capacity, | ) ) ) |
| Defendant, | ) ) |
| JEFF LONG, Commissioner for the Department of Safety and Homeland Security, in his official capacity, | ) ) ) ) |
| Defendant-Appellant | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

BEFORE: ROGERS, DONALD, and THAPAR, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** James Thomas and David Hixson are Tennessee residents whose driver's licenses were revoked pursuant to Tenn. Code Ann. § 40-24-105(b)(1) (2018) ("Section 105") for failure to timely pay litigation taxes, court costs, and fines assessed as a result of criminal convictions for each. Thomas and Hixson filed a lawsuit claiming that Section 105 violates their constitutional rights because it does not provide an exception for the indigent. On cross motions for summary judgment, the district court agreed with them on each

of their claims and 1) declared the law unconstitutional, 2) ordered reinstatement of all licenses that had been revoked based solely on an individual's inability to pay court debt, and 3) directed the state to cease further revocation of driver's licenses until a lawful procedure was implemented. The state appealed.

Since that appeal was filed, the state enacted a new law that amends Section 105 by, *inter alia*, providing an indigency exception. 2019 Tenn. Pub. Acts Ch. 438. We asked the parties to provide further briefing on the impact of this new law. The plaintiffs vigorously contend in their supplemental briefing that the new law provides them the relief they originally sought and thus moots the underlying litigation. Where a plaintiff prevails in invalidating a statute, but then on appeal withdraws its claim and concedes mootness, the issue is no longer live or justiciable. *Webster v. Reprod. Health Servs.*, 492 U.S. 490, 512 (1989) ("Plaintiffs are masters of their complaints and remain so at the appellate stage of a litigation."); *see also Remus Joint Venture v. McAnally*, 116 F.3d 180, 185 (6th Cir. 1997) ("Although this case has contained numerous complexities, our decision that no Article III case or controversy exists rests on a simple fact: plaintiffs voluntarily have abandoned an argument that was necessary for them to prevail in this federal court action."). Accordingly, this case is now moot.

The next question is what to do with the district court judgment. The defendants argue that, if this Court were to determine that no live issue remains, then they would still be subject to the district court's directives. They are incorrect. "When a claim is rendered moot while awaiting review by this Court, the judgment below should be vacated with directions to the District Court to dismiss the relevant portion of the complaint [with prejudice]." *Deakins v. Monaghan*, 484 U.S. 193, 200 (1988). As our Court has explained:

> The idea is that when a party seeks relief from the merits of an adverse ruling, but is frustrated by the vagaries of circumstance from obtaining an appellate ruling, it

Case No. 18-5766, *Thomas v. Lee*

> makes little sense to compel the losing party to live with the precedential and preclusive effects of the adverse ruling without having had a chance to appeal it.

*Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 716 (6th Cir. 2011) (internal quotation marks omitted).

Accordingly, because the issues raised in this appeal and the underlying case have become moot, we **VACATE** the judgment of the district court and **REMAND** with instructions to dismiss the underlying litigation as moot.

- 3 -