# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **JAMES THOMAS and DAVID HIXSON,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 3:17-cv-00005 |
| ) | Judge Aleta A. Trauger |
| **JEFF LONG, Commissioner for the** ) | |
| **Department of Safety and Homeland** ) | |
| **Security, in his official capacity,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM & ORDER

The plaintiffs have filed a Renewed Motion for Attorney's Fees and Costs (Doc. No. 162), to which the Commissioner of the Tennessee Department of Safety and Homeland Security has filed a Response (Doc. No. 167), and the plaintiffs have filed a Reply (Doc. No. 168). For the reasons set out herein, the motion will be granted in part and denied in part.

The Sixth Circuit Court of Appeals summarized the first several stages of this case as follows:

> The district court granted Plaintiffs James Thomas and David Hixson's ("Plaintiffs") motion for summary judgment, concluding that Tenn. Code Ann. § 40-24-105(b)(1) (2018) ("Section 105") violated their constitutional rights. On appeal, [the Sixth Circuit] held that because the Tennessee General Assembly enacted a new law that amended Section 105—while the appeal was pending—in a manner that provided the Plaintiffs the relief they sought, the case was moot. Consequently, [the Sixth Circuit] vacated the district court's judgment, remanded the case, and instructed the district court to dismiss the underlying litigation. The Plaintiffs later moved for attorney's fees pursuant to 42 U.S.C. § 1988(b), and Jeff Long, the Commissioner of Tennessee's Department of Safety and Homeland Security ("Defendant"), objected—arguing that the Plaintiffs were not "prevailing parties." The district court . . . was unpersuaded by the Defendant's arguments and awarded the Plaintiffs $760,385.56 in attorney's fees and costs, which included fees for work performed at both the trial and appellate levels.

The Defendant's timely appeal followed.

*Thomas v. Haslam*, No. 20-6188, 2021 WL 3754240, at *1–2 (6th Cir. Aug. 25, 2021) (footnote omitted). On appeal, the Sixth Circuit rejected the Commissioner's argument that the plaintiffs were not prevailing parties at the district court level and affirmed that aspect of this court's ruling. *Id.* at 2. Regarding the issue of fees and costs related to the initial appeal, however, the Sixth Circuit wrote:

> The Defendant alternatively argues that if we were to conclude that the Plaintiffs were prevailing parties at the district court, we should find that the Plaintiffs should not be permitted to receive attorney's fees incurred in the prior appeal. We agree. In *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 483 (1990), the Supreme Court explicitly indicated that in instances where a district court's judgment has been "vacated on the basis of an event that mooted the controversy before the Court of Appeals' judgment was issued," a party cannot be deemed a "prevailing party" at that subsequent stage in the litigation, and would thus not be entitled to attorney's fees associated with the cost of the appellate litigation. *Id.*; [*Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 454 (1st Cir. 2009)]. Therefore, because the Plaintiffs did not prevail at the appeals stage, they are not entitled to attorney's fees incurred during the previous appeal. *Lewis*, 494 U.S. at 483.

*Thomas*, 2021 WL 3754240, at *3 (footnote omitted). The Sixth Circuit therefore "AFFIRM[ED] in part, REVERSE[D] in part, and REMAND[ED] for further proceedings consistent with [its] opinion." *Id.*

After the Sixth Circuit's remand, this court entered an Order observing that "[t]he ruling of the Sixth Circuit is fairly straightforward and primarily involves a mathematical calculation that it is hoped the parties can agree upon." (Doc. No. 160 at 1.) The court accordingly ordered the parties to "confer in an attempt to agree upon the proper award consistent with the Sixth Circuit's ruling." (*Id.*) Those efforts, however, were unsuccessful, and, on October 12, 2021, the plaintiffs filed a Renewed Motion for Attorneys' Fees and Costs, seeking fees in significant excess of the sum that one would reach by simply deducting the amount attributable to the initial appeal from the prior award. (Doc. No. 162.) Specifically, $483,689.70 of the court's previous

2

award reflected fees and expenses incurred at the district court level, but the plaintiffs now seek over $600,000. (*See* Doc. No. 167 at 1, 5 (identifying amount of previous award attributable to the district court level based on the plaintiffs' appellate briefing); *see also* Doc. No. 162 at 2 (requesting "$689,510 in fees and $4,877.87 in costs").)

Such an award, the plaintiffs argue, is justified, because the Sixth Circuit's ruling should be construed not merely to require the removal of improperly awarded appellate fees and costs, but also to provide an occasion to revisit another significant aspect of the court's calculation—despite the fact that that aspect of the court's analysis was not appealed by either party. When the court awarded the initial attorney's fees, the court had applied a 30% reduction from the lodestar amount for the following reasons:

> The [Commissioner has] requested [a] 50% reduction[, based in part on] a number of objections that, this court has held, did not have merit. The Commissioner, however, is correct that some of the plaintiffs' time entries fall short of sufficient documentation; that the plaintiffs have billed for some preparatory matters that would not be included in a reasonable fee; that the plaintiffs' success was of a lesser degree than it would have been if they had succeeded on the merits in the appellate courts; and that the large legal team used here is consistent with an inefficient structure of representation that likely inflated the billings . . . beyond what was reasonably necessary. The court finds that a 30% reduction would reflect those cumulative flaws while still compensating the plaintiffs with a reasonable rate for the substantial work they performed and the excellent representation that they provided.

(Doc. No. 154 at 28.) The plaintiffs argue that it would be "unfair" to continue to apply the 30% reduction now, following remand, and ask the court instead to apply, at most, a 10% reduction to the lodestar amount for their work at the district court level. (Doc. No. 163 at 3.) Specifically, the plaintiffs argue that the court's mention of the fact that "the plaintiffs' success was of a lesser degree than it would have been if they had succeeded on the merits in the appellate courts" is now inapposite, because the plaintiffs are no longer requesting any fees or costs associated with

3

the appeal. The subtraction of that factor, the plaintiffs argue, should permit the court to wholly revisit its prior calculation.

The Commissioner argues that the plaintiffs could have appealed the court's application of the 30% reduction but did not and that it would be inappropriate for the court to change that reduction now. This argument has merit. Disregarding the court's earlier analysis—including by, as the plaintiffs urge, changing the court's conclusions on some issues that have nothing to do with any matter addressed by the Sixth Circuit[1]—would, at the very least, come close to upending the law of the case without satisfying any of the traditional prerequisites for doing so. *See J.L. Spoons, Inc. v. Ohio Dep't of Pub. Safety*, 509 F. App'x 464, 469 (6th Cir. 2012) ("The law-of-the-case doctrine precludes reconsideration of a previously-decided issue at a subsequent stage in the litigation 'unless one of three exceptional circumstances exists: [1] the evidence in a subsequent trial was substantially different; [2] controlling authority has since made a contrary decision of law applicable to such issues; or [3] the decision was clearly erroneous, and would work a substantial injustice.'") (quoting *Poundstone v. Patriot Coal Co.*, 485 F.3d 891, 895 (6th Cir. 2007)).

Those law-of-the-case considerations are particularly salient, given that the plaintiffs could have raised their arguments on appeal but did not. "Failure to raise an issue on appeal would normally constitute a waiver of that issue," at least if it was an issue that could and should have been included in that particular appeal, as the plaintiffs' objections to the court's earlier analysis could and should have been included in an appeal of the initial fee award. *Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 326 (6th Cir. 2013) (quoting *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 984 (6th Cir. 2000)). Moreover, the court must be cautious not to exceed the scope

---

[1] For example, the plaintiffs ask the court to reconsider its conclusions regarding improper billing for preparatory matters. (*See* Doc. No. 163 at 5–6.)

of the Sixth Circuit's mandate itself. *See In re Purdy*, 870 F.3d 436, 442 (6th Cir. 2017) ("[A] district court is bound to the scope of the remand issued by the court of appeals.") (quoting *Waste Mgmt. of Ohio, Inc. v. City of Dayton*, 169 F. App'x 976, 986 (6th Cir. 2006)). The Sixth Circuit remanded this case for "further proceedings consistent with" its opinion, which found no error other than this court's award of appellate fees.

At the same time, however, the plaintiffs are correct that the court's initial fee award reflected the balancing of a number of factors that the court reviewed and evaluated in the context of the specific set of billings under review at that time, and, as the Sixth Circuit directed, the court is now looking at a smaller—and therefore different—set of billings. It is fair to wonder why the court should be locked into a conclusion when the information on which that conclusion was based has changed in its scope. Moreover, the Sixth Circuit has recognized that, when it does not "explicitly outline the issues to be addressed by the lower court" on remand, the lower court is permitted to construe it as a "general" remand and exercise its ordinary powers and discretion to consider whatever issues it deems necessary, as long as those issues were not themselves resolved by the appeal. *Id.* at 444.

Ultimately, the court sees no need to determine whether it *could* abandon the 30% reduction, because the court would not do so, even if such a step were permitted. The factors on which the court relied in its earlier ruling apply just as significantly now as they did at the time. It is still the case that some of the plaintiffs' time entries were insufficiently supported. It is still the case that they relied on a strikingly large team of attorneys. Perhaps most importantly—at least in terms of the plaintiffs' argument—it is still the case that, although the plaintiffs succeeded at having the challenged policy enjoined while it remained on the books, they did not ultimately obtain a final judgment in their favor or an injunction on which they can rely if

5

Tennessee tries to go back to its earlier ways. That is a fact about the extent of the plaintiffs' success at the *district court* level, not on appeal; it was the district court's judgment, not any mandate of the Court of Appeals, that was vacated. It may be that the precise balance of specific factors has changed a bit, but the 30% reduction was always an imprecise adjustment, based on the Supreme Court's edict that "trial courts need not, and indeed should not, become green-eyeshade accountants" when calculating fee awards. *Fox v. Vice*, 563 U.S. 826, 838 (2011). "[R]ough justice" is all that is required, *id.*, and the court finds that a 30% reduction still achieves that goal.[2]

That leaves the questions of whether, and to what extent, the plaintiffs are entitled to additional fees to reflect (1) the appeal of the original fee award and (2) the briefing of this motion. With regard to the first of those issues, the parties have conferred on that issue and have reached an agreement that the plaintiffs are entitled to $23,782.00 of fees related to the appeal, which the court will award. (*See* Doc. No. 166 at 1.) With regard to the second issue, the court agrees with the Commissioner that the plaintiffs are not entitled to additional fees specific to this motion. Although the motion is being granted in part, that "part" is the part on which the parties agree. The plaintiffs are not prevailing on the contested aspects of this motion, meaning that none of the contested briefing was on any issue on which they prevailed. The court, accordingly, will limit its award to (1) 30% of the lodestar amount related to the district court proceedings other than those regarding this motion and (2) the agreed-upon amount for the fee appeal.

---

[2] The court notes, moreover, that a 30% reduction of the plaintiffs' district-court-level fees actually *is* a smaller reduction than the court previously applied, at least in absolute terms. Previously, this court deducted thousands of dollars' worth of fees and costs related to the initial appeal from the lodestar amount. That reduction is now gone, because the fees themselves are gone. The nature of an across-the-board, percentage-based reduction is that, if part of the underlying fee award is removed, the reduction inherently recalibrates itself to reflect the change in denominator.

6

For the foregoing reasons, the plaintiffs' Motion for Attorney's Fees and Costs (Doc. No. 142) is hereby **GRANTED** in part and **DENIED** in part. The Commissioner is **ORDERED** to pay fees and costs in the amount of $507,471.70.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge